UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY PRITZ,

    Plaintiff,

    v.

SOUTHERN CALIFORNIA EDISON
COMPANY,

    Defendant.
_____/

Case No. 13-10884
HON. TERRENCE G. BERG

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS (DKT. 11)

Jeffrey Pritz ("Plaintiff") has sued Defendant Southern California Edison Company ("SCE" or "Defendant"), alleging negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Specifically, Plaintiff claims that he contacted Equifax to dispute the validity of a debt reported as unpaid, that Equifax then contacted SCE to verify the debt, and that SCE thereafter failed to conduct a proper reinvestigation, as required by 15 U.S.C. 1681s-2(b), and failed to direct all of the credit reporting agencies to remove the debt.

In response, Defendant has moved to dismiss the complaint for lack of personal jurisdiction (Dkt. 11), arguing that this Court has neither general, nor limited jurisdiction in this case. This motion was fully briefed and the Court heard oral argument on July 22, 2013. For the reasons that follow, Defendant's motion is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

I.   FACTUAL BACKGROUND

In 2005, according to the record before the Court, Plaintiff resided in Altadena, California, and was then a customer receiving electric service from Defendant (Dkt. 11, Def.'s Mot., Ex. 1, Liivoja Decl., ¶ 3).  Sometime thereafter, Plaintiff relocated to Michigan.[1]

Plaintiff eventually became aware that Equifax was reporting what he believed to be a "bogus trade line" on his credit report (Dkt. 1, Compl., ¶ 6).[2] Plaintiff then sent Equifax a letter disputing the validity of the debt (Dkt. 14, Pl.'s Resp., Ex. A, Dispute Letter).  Equifax next transmitted the substance of Plaintiff's dispute to Defendant and Defendant responded by verifying that an account in Plaintiff's name was delinquent in the amount of $206 dollars.[3]  Equifax then sent Plaintiff the following message:

> >>> *We have researched the credit account. Account#- 26811\* The results are: We verified that this item belongs to you. This creditor has verified to OUR company that the balance is being reported correctly. If you have additional questions about this item please contact: Southern California Edison, PO Box 9004, San Dimas CA 91773-9004.*

---

[1] The complaint is silent as to when Plaintiff moved to Michigan.

[2] According to Equifax, "Trade lines are your credit accounts. Data furnishers report information on accounts you have established with them such as the type of account (bankcard, auto loan, mortgage, etc.), the date you opened the account, your credit limit or loan amount, the account balance and your payment history." *Information Included in Your Credit File*, EQUIFAX (last updated Jan. 1, 2013, 3:50 AM), https://help.equifax.com/app/answers/detail/a_id/163/~/information-included-in-your-credit-file.

[3] The record is devoid of any evidence demonstrating whether Equifax's transmission of Plaintiff's dispute contained information regarding Plaintiff's current address or whether Defendant ever received any other notice of Plaintiff's relocation.  The complaint does not allege that Defendant had any knowledge, when it responded to Equifax's inquiry, that Plaintiff had relocated to the Eastern District of Michigan, and Plaintiff's response fails to offer any evidence to suggest that Defendant ever had such knowledge.  Plaintiff's counsel also failed to proffer any evidence on this point during oral argument.

(Dkt 14, Ex. B, Equifax Resp. to Dispute Letter) (capitalization in original). Plaintiff subsequently filed suit, alleging that SCE's actions violated the federal Fair Credit Reporting Act.[4]

## II. ANALYSIS

### A. Legal Standard

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of proving the court's jurisdiction over the defendant. *See Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002); *see also Children's Legal Services, PLLC v. Shor Levin and Derita, PC,* 850 F. Supp. 2d 673, 679 (E.D. Mich. 2012). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Children's Legal Servs.,* 850 F. Supp. 2d at 679 (citing *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)). However, "the burden of the plaintiff is relatively slight, and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Children's Legal Servs.,* 850 F. Supp. 2d at 679 (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007) (internal quotations and citations omitted).

Moreover, when a "district court rules on a jurisdictional motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) without conducting an

---

[4] Equifax—initially named as a co-defendant in this action—was dismissed from the case on July 2, 2013, by way of the parties' stipulation (Dkt. 17, Stip. Order).

evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262-63 (6th Cir. 1996) (emphasis in original) (quoting *Theunissen*, 935 F.2d at 1459). "Dismissal in this procedural posture is proper only if all the specific facts which [Plaintiff] alleges collectively fail to state a prima facie case for jurisdiction." *Id.*

**B.    Motion to Dismiss for Lack of Personal Jurisdiction**

Where the Court's subject matter jurisdiction is based on a federal question, as in this case, personal jurisdiction over a defendant is proper only where it comports with the requirements of both the state long-arm statute and federal Constitutional due process. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002); *see also Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). In Michigan, personal jurisdiction over a corporation may be general, *see* MCL § 600.711, or limited, *see* MCL § 600.715. That being said, "[t]he Michigan Supreme Court has construed Michigan's Long-Arm Statute to bestow the broadest possible grant of personal jurisdiction consistent with due process." *Audi AG and Volkswagen of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 741 (E.D. Mich. 2004). Likewise, the Sixth Circuit has held that "[w]here the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Children's Legal Servs.*, 850 F. Supp. 2d at 679 (quoting *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003)).

4

### 1) *General Personal Jurisdiction*

"General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Bird*, 289 F.3d at 873 (quoting *Third Nat'l Bank v. Wedge Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Under Michigan law—and consistent with due process—a corporate defendant is also subject to general personal jurisdiction if it is incorporated in Michigan or consents to jurisdiction here. MCL § 600.711.

Perhaps because Defendant is a California corporation that has not consented to jurisdiction and does not engage in any business in Michigan, Plaintiff has not challenged Defendant's assertions that it is not subject to general personal jurisdiction. The Court, similarly, finds no basis for the exercise of general personal jurisdiction over SCE.

### 2) *Limited Personal Jurisdiction*

Under Michigan law, certain conduct within the state will subject a corporation to limited personal jurisdiction. *See* MCL § 600.715. Here, Plaintiff contends that Defendant's reporting of the alleged debt on Plaintiff's credit report had a negative effect on his credit rating, thus giving rise to a cause of action under the FCRA and thereby falling under Section 600.715(2) of Michigan's Long-Arm Statute (Dkt. 14, Pl. Resp. 2). As stated previously though, the fundamental

5

question is whether the exercise of jurisdiction comports with Constitutional due process. *See Griepentrog*, 954 F.2d at 1176.

In general, the exercise of limited personal jurisdiction over an out-of-state defendant is proper where the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)); *accord Theunissen v. Matthews,* 935 F.2d 1454, 1459-61 (6th Cir. 1991). Minimum-contacts are satisfied where a defendant has "purposely avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The defendant's conduct must be such that he should reasonably anticipate being haled into court. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The Sixth Circuit has established a three-part test for determining when the due process clause has been satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968). All three prongs are necessary for due process, and a plaintiff's "failure to meet any

6

one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enterprises,* 885 F.2d 1293, 1303 (6th Cir. 1989).

        i)        *Purposeful Availment*

The Sixth Circuit "views the purposeful availment prong of the *Southern Machine* test as 'essential' to a finding of personal jurisdiction." *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (citing *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 722 (6th Cir. 2000)). "'Purposeful availment,' the 'constitutional touchstone' of personal jurisdiction, is present where the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.'" *Neogen*, 282 F.3d at 889 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis in original)). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (1985) (internal quotations and citations omitted).

Plaintiff asserts that Defendant's verification of the debt to Equifax is sufficient to constitute purposeful availment. But that verification went from Defendant in California to Equifax in Georgia, and the proffered evidence shows no intentional conduct by Defendant establishing a substantial connection between Defendant and Michigan. Defendant does no business in Michigan, has no employees in Michigan, has no property in Michigan, does not sell goods or services

in Michigan, and does not advertise for the sale of goods or services in Michigan (*See* Dkt. 11, Def.'s Mot., Ex. 2, Forte Decl.).

Plaintiff attempts to rely upon the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783, 789 (1984), but that argument is unavailing. Under the Sixth Circuit's interpretation of *Calder*, personal jurisdiction over a foreign defendant is proper where the defendant committed (1) an intentional tort, (2) **expressly aimed at the forum**, and (3) the forum state was the focus of the activities out of which the suit arises. *See Air Products & Controls, Inc. v. Safetech International, Inc.,* 503 F.3d 544, 552 (6th Cir. 2007). Plaintiff has failed to show any such conduct; at best, Plaintiff has shown that Defendant responded to a request it received from a Georgia company, seeking verification of a California debt. Plaintiff has not, however, shown that Defendant knew at that time (nor had any reason to know) that Plaintiff had moved to Michigan.[5] And, without such knowledge, there can be no personal jurisdiction under the "effects" test, as "[k]nowledge of the plaintiff's residence is the crucial element" of express-aiming. *Gordon v. DTE Energy*, 680 F. Supp. 2d 1282, 1285 (W.D. Wash. 2010) (citing *Cisneros v. Trans Union, L.L.C.,* 293

---

[5] During oral argument, Plaintiff's counsel argued that the statutory language of the FCRA, namely 15 U.S.C. 1681i(a)(2)(A) ("the notice shall include all relevant information regarding the dispute that the agency has received from the consumer"), required Equifax to provide SCE with Plaintiff's address, thus providing the requisite knowledge that the impact of the verification would touch Michigan. Plaintiff failed to provide any evidence in support of its position, however, and legal conclusions alone are insufficient to defeat Defendant's motion. Moreover, if Plaintiff's argument— that the FCRA's statutory scheme effectively ensures that a defendant will receive notice of a plaintiff's residence in the forum state—were correct, all of the cases cited by Plaintiff in which personal jurisdiction was challenged could have been resolved on that basis, but they were not. *See Gordon v. DTE Energy*, 680 F. Supp. 2d 1282, 1285 (W.D. Wash. 2010); *Abdrabboh v. Capital One Bank*, No. 06-11762, 2006 WL 3004084, at *5-6 (E.D. Mich. Oct. 20, 2006); *Rivera v. Bank One*, 145 F.R.D. 614, 624 (D.P.R. 1993); *Brewer v. Transunion, LLC,* 453 F. Supp. 2d 1346, 1350-51 (S.D. Ala. 2006). In these cases, the plaintiffs offered evidence showing that the defendants in fact had knowledge, through correspondence or otherwise, that their activity was affecting the forum state. Here, Plaintiff has not offered any such evidence.

F. Supp. 2d 1156, 1166 (D. Haw. 2003) (no personal jurisdiction in forum where defendant had "ceased contact with [p]laintiff long before he took up residence in [forum]"); *Screen v. Equifax Info. Sys., LLC,* 303 F. Supp. 2d 685, 690 (D. Md. 2004) (no personal jurisdiction where plaintiff had failed to provide evidence of defendant's knowledge of plaintiff's residence)). Given that Plaintiff is unable to show that Defendant had knowledge that Plaintiff was located in Michigan, to hold that Defendant intended to cause a consequence in Michigan would be akin to suggesting that Defendant intended to cause consequences in any and every state in America. To adopt such an understanding of intent would defeat the purpose of requiring jurisdiction to be based upon *purposeful* availment.

Further, Plaintiff has failed to cite any case law where the exercise of personal jurisdiction was found to be proper in analogous circumstances.[6] Consequently, Plaintiff has failed to meet the first prong of the *Southern Machine* test.

---

[6] All four of the cases cited by Plaintiff are readily distinguishable:
(1) In *Gordon v. DTE Energy*, 680 F. Supp. 2d 1282 (W.D. Wash. 2010), the court's finding of jurisdiction was tied to the defendant's knowledge of the plaintiff's residence in the forum state; as stated previously, Plaintiff has shown no such knowledge in this case.
(2) Similarly, in *Abdrabboh* v. *Capital One Bank*, No. 06-11762, 2006 WL 3004084 (E.D. Mich. Oct. 20, 2006), jurisdiction was proper because the plaintiff had contacted the defendants directly regarding the debt, thus providing them with explicit knowledge of his residence in the forum state; here, Plaintiff only ever communicated with Equifax, not Defendant.
(3) The court in *Rivera v. Bank One*, 145 F.R.D. 614 (D.P.R. 1993), found jurisdiction proper because the defendant had first been contacted by plaintiff and then itself made numerous contacts with the forum in an attempt to collect the alleged debt; Defendant SCE made no such attempts and had no knowledge of Plaintiff's location.
(4) Lastly, although Plaintiff cited *Brewer v. Transunion, LLC,* No. 05-0493, 2006 U.S. Dist. LEXIS 70292 (S.D. Ala. Sept. 27, 2006), the Court assumes that Plaintiff intended to rely upon *Brewer v. Transunion, LLC,* 453 F. Supp. 2d 1346 (S.D. Ala. 2006). That case is also distinguishable because the plaintiff there—similar to the plaintiff in *Abdrabboh*—had contacted the defendant directly regarding the alleged debt. Here, there is simply no evidence of any pre-suit contact between the parties, or any other conduct which gave Defendant notice of the Plaintiff's location.
In sum, none of Plaintiff's cases support a finding of personal jurisdiction where the defendant was unaware of the plaintiff's residence in the forum state.

*ii)*   *Whether the Action Arises from Activities in Forum State*

Given the lack of purposeful availment, the Court need only briefly address the other two prongs of the *Southern Machine* test. See *MLS Nat. Medical Evaluation Services, Inc. v. Templin*, 812 F. Supp. 2d 788, 804 (E.D. Mich. 2011) (citing *Kerry Steel, Inc. v. Paragon Industries, Inc.,* 106 F.3d 147, 150 (6th Cir. 1997)). Under the second prong, the Court must determine whether "[D]efendant's contacts with the forum state are related to the operative facts of the controversy." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). The Sixth Circuit has previously found this to be a "lenient standard." *Air Products & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 550, 553 (6th Cir. 2007). In the broadest sense, to the extent that Defendant's verification of the debt can be seen as a contact with Michigan, then that contact is necessarily related to the operative facts of the controversy. Thus, the Court finds that the second prong of the *Southern Machine* test is satisfied.

*iii)*   *Reasonableness*

The Sixth Circuit has found that when courts determine the reasonableness of exercising personal jurisdiction over a defendant, they should weigh several factors, including: "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." *Intera Corp.*, 428 F.3d at 618. Considering these factors, the Court finds that the exercise of jurisdiction is unreasonable because: (1) the burden on Defendant, in light of the dearth of

contacts with the forum, is significant, (2) the interest of Defendant's home state in protecting its companies is at least as great as that of Plaintiff's state in protecting its residents; (3) Plaintiff's interest in obtaining relief from a creditor's reporting of a delinquent account is somewhat diminished by the facts that (a) Plaintiff has not disputed that the debt was validly due and owing at some point in time, and (b) Plaintiff apparently made no effort to contact Defendant directly to contest the debt; and (4) the interests of other states in securing the most efficient resolution of the controversy would be no greater served by exercising jurisdiction in this forum than in Defendant's home state.

Because Plaintiff has failed to satisfy two of the three prongs of the *Southern Machine* test, the Court concludes that the exercise of personal jurisdiction in this case would not comport with the requirements of Constitutional due process.

### III.   CONCLUSION

For the reasons set forth above, it is **ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 11) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

Dated:  July 26, 2013                           s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on July 26, 2013, using the CM/ECF system, which will send notification to all parties.

                                                s/A. Chubb
                                                Case Manager